## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **BANK OF AMERICA,** | ) |
| | ) |
| **APPELLANT** | ) |
| | ) |
| v. | )   **CIVIL NO. 08-129-P-H** |
| | ) |
| **CORINNA M. LOOK** AND **JUSTIN M. LOOK,** | ) |
| | ) |
| **DEBTORS/** | ) |
| **APPELLEES** | ) |

## ORDER AFFIRMING DECISION OF BANKRUPTCY COURT

This case was ably briefed and, on July 16, 2008, well argued. I have consulted the additional cases cited by the parties including what seems to be the most recent, GMAC v. Horne, 2008 WL 2662024 (E.D. Va. July 3, 2008). Clearly the lines of authority diverge on whether, when negative equity on a used automobile trade-in is included in the financing of a new-car purchase, the resulting security interest qualifies as a purchase money security interest for purposes of § 1325(a)(9) (the so-called "hanging paragraph") of the Bankruptcy Code. (The parties do agree that the term "purchase money security interest" must be defined as a matter of state law.) The authorities are also divided on the consequence if the negative equity does not qualify as a purchase money security interest (varying among the so-called "dual status rule," "transformation," and the conventional "cramdown" of § 506). Ultimately, I conclude that I can add nothing

useful to Judge Haines's clear, concise and careful treatment of these issues. Accordingly after *de novo* review, I **AFFIRM** the decision of the bankruptcy court.

**SO ORDERED.**

**DATED THIS 17TH DAY OF JULY, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**